# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 10, 2011

Lyle W. Cayce
Clerk

No. 11-50014
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OMAR RAMIREZ-GUERRA, also known as Omar Guerra,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-1650-1

Before JONES, Chief Judge, and HAYNES and GRAVES, Circuit Judges.

PER CURIAM:[*]

Omar Ramirez-Guerra appeals the 46-month within-guidelines sentence imposed following his guilty plea conviction for illegal reentry into the United States. He argues that the sentence is greater than necessary to meet the goals of 18 U.S.C. § 3553(a); that he returned to the United States to take care of his wife's twin sons while their infant daughter was in the hospital; that his wife has decided to relocate to Mexico when he is released from prison; that the 16-level increase to his offense level was greater than necessary because his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50014

prior robbery offense was not violent; and that the guidelines overstated the seriousness of his prior illegal reentry offense. Ramirez-Guerra raised the above arguments for a lesser sentence in the district court and, therefore, he preserved for appeal his challenge to the substantive reasonableness of the sentence. *See United States v. Rodriguez*, 523 F.3d 519, 526 n.1 (5th Cir. 2008).

Ramirez-Guerra further contends that the presumption of reasonableness should not apply to the sentence because U.S.S.G. § 2L1.2 lacked an empirical basis and double-counted his criminal history, because the "fast track" program results in unwarranted sentencing disparities, and because his illegal reentry was merely a trespass offense. Because he did not raise these arguments in the district court, review is limited to plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

The 46-month within-guidelines sentence imposed by the district court is substantively reasonable. After considering the Presentence Report and Ramirez-Guerra's arguments, the district court made an individualized sentencing decision based on the facts of the case and the § 3553(a) factors. We have previously rejected the arguments concerning double-counting and that illegal reentry is merely a trespass offense. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *see United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Ramirez-Guerra concedes that his arguments concerning the lack of an empirical basis and the fast track program are also foreclosed. *See United States v. Gomez-Herrera*, 523 F.3d 554, 562-63 (5th Cir. 2008); *see also United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir. 2009). Ramirez-Guerra's "disagreement with the propriety of the sentence imposed does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence." *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).

AFFIRMED.